**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AKANINYENE EFIONG AKAN, | CIVIL ACTION: 2:17-CV-0089-JFC |
| Plaintiff, | CHIEF DISTRICT JUDGE JOY FLOWERS CONTI |
| v. | JURY TRIAL DEMANDED |
| | ELECTRONICALLY FILED |
| ADAM SUMMERS, NEIL REINSFELDER, STEVEN CENTRA, RUFUS JONES AND GREGORY BOSS, | |
| Defendants. | |

## JOINT MOTION TO STAY DISCOVERY

AND NOW, come the Defendants, Adam Summers, Neil Reinsfelder, Steven Cetra (incorrectly identified as Steven "Centra"), (collectively, the "University Defendants") by and through their attorneys, Dickie, McCamey & Chilcote, P.C., and Jeffrey J. Wetzel, Esquire, and Rufus Jones and Gregory Boss, by and through their attorneys, Estelle K. McGrath, Esquire and Marshall Dennehey Warner Coleman & Goggin, P.C. and file a Joint Motion to Stay Discovery and, in support thereof, aver as follows:

1. Plaintiff initiated this civil rights lawsuit on January 19, 2017, by the filing of a Complaint. The Complaint alleges that police officers from the University of Pittsburgh and the City of Pittsburgh conspired to detain Plaintiff on September 17, 2010, and obtain a DNA sample through a discarded cigarette smoked by Plaintiff. (See ECF Document No. 1)

2. On May 23, 2017, the University Defendants filed a dispositive Motion to Dismiss Plaintiff's Complaint for failing to state a claim for which relief may be granted.

Defendants Jones and Boss filed their own dispositive Motion to Dismiss on that same date. (See ECF Document Nos. 13-16).

3. On August 22, 2017, while the Motions to Dismiss were still under consideration by this Honorable Court, Plaintiff served Requests for Admissions upon the Defendants. See Plaintiff's Request for Admissions attached hereto as Exhibit A.

4. Plaintiff's discovery requests are premature, as the parties have not conferred as required by Rule 26(f), and this Honorable Court has not rendered decisions on the Motions to Dismiss.

5. The Federal Rules of Civil Procedure provide that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1).

6. Further, our courts have explained that a motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development." Mann v. Brenner, 375 Fed. Appx. 232, 239 (3d Cir. 2010). As such, it is appropriate to stay discovery while evaluating a motion to dismiss because, if the motion is granted, discovery would be futile. Id.

7. Moreover, a stay is proper where a motion to dismiss "may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000).

8. Simply, parties "who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the

court." <u>McAssey v. Discovery Mach., Inc.</u>, 2016 U.S. Dist. LEXIS 76327, at *4-5 (M.D. Pa. June 13, 2016).

9. Each of the Defendants has filed a Motion to Dismiss which may result in the termination of this litigation making discovery futile.

10. Therefore, Defendants should not be required to respond to Plaintiff's Request for Admissions or any further discovery requests until after this Honorable Court rules on the Motions to Dismiss and, if necessary, the parties confer as required by Rule 26(f).

WHEREFORE, the Defendants, Adam Summers, Neil Reinsfelder, Steven Cetra (incorrectly identified as Steven "Centra"), Rufus Jones and Gregory Boss, respectively request that this Honorable Court stay all discovery in this matter pending disposition of the Defendants' Motions to Dismiss and, if necessary, the Rule 26(f) conference.

| DICKIE, McCAMEY & CHILCOTE, P.C. | MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C. |
|---|---|
| /s/ Jeffrey J. Wetzel<br>Jeffrey J. Wetzel, Esquire<br>PA I.D. # 92843 | /s/ Estelle K. McGrath<br>Estelle K. McGrath, Esquire<br>PA I.D. #87799 |
| Email:  jwetzel@dmclaw.com<br>(412) 392-5617 | Marshall Dennehey Warner<br>Coleman & Goggin, P.C.<br>US Steel Tower, Suite 2900 |
| Two PPG Place, Suite 400<br>Pittsburgh, PA  15222 | 600 Grant Street<br>Pittsburgh, PA  15219<br>(412) 803-1186//(412) 803-1188 fax<br>ekmcgrath@mdwcg.com |
| Attorneys for University Defendants, Adam Summers, Neil Reinsfelder, and Steven Cetra | Counsel for Defendants, Rufus Jones and Gregory Boss, only |

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2017, I electronically filed the foregoing Joint Motion to Stay Discovery with the Clerk of the Court using the CM/ECF system.

I hereby certify that I have mailed the Joint Motion to Stay Discovery to the following:

Akaninyene Akan
#KP8782
SCI-Forest
P.O. Box 945
Marienville, PA 16239-0945
(Pro Se Plaintiff)

| DICKIE, McCAMEY & CHILCOTE, P.C. | MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C. |
|---|---|
| /s/ Jeffrey J. Wetzel<br>Jeffrey J. Wetzel, Esquire<br>PA I.D. # 92843 | /s/ Estelle K. McGrath<br>Estelle K. McGrath, Esquire<br>PA I.D. #87799 |
| Email: jwetzel@dmclaw.com<br>(412) 392-5617 | Marshall Dennehey Warner<br>Coleman & Goggin, P.C.<br>US Steel Tower, Suite 2900 |
| Two PPG Place, Suite 400<br>Pittsburgh, PA  15222 | 600 Grant Street<br>Pittsburgh, PA  15219<br>(412) 803-1186//(412) 803-1188 fax |
| Attorneys for University Defendants, Adam Summers, Neil Reinsfelder, and Steven Cetra | ekmcgrath@mdwcg.com<br><br>Counsel for Defendants, Rufus Jones and Gregory Boss, only |