**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AKANINYENE EFIONG AKAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17-cv-00089 |
| | ) | |
| ADAM SUMMERS, NEIL | ) | Chief Judge Joy Flowers Conti |
| REINSFELDER, STEVEN CENTRA, | ) | |
| RUFUS JONES, and GREGORY BOSS, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CONTI, Chief District Judge.

### I. INTRODUCTION

Presently before the court are the two motions to dismiss filed, respectively, by defendants Adam Summers, Neil Reinsfelder, and Steven Centra ("University defendants"), and defendants Rufus Jones and Gregory Boss ("City defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 13 and 15). In his *pro se* complaint, plaintiff Akaninyene Efiong Akan ("Plaintiff") asserts a single claim against all defendants under 42 U.S.C. § 1983[1] for alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution, as well as a request for declaratory judgment by the court pursuant to 28 U.S.C. §§ 2201 and 2202. (ECF No. 1). This court exercises subject-matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Because the complaint shows that the claim asserted under § 1983 is barred by the applicable statute of limitations, defendants' motions will be GRANTED.

---

[1] Plaintiff also cites 42 U.S.C. § 1988, but did not plead a claim thereunder.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint contains a solitary claim, pursuant to 42 U.S.C. § 1983. He alleges an ongoing conspiracy to deprive him of his rights under the Fourth and Fourteenth Amendments by the defendants' continued seizure of his "person" vis-à-vis a biological/DNA sample obtained from a discarded cigarette. The court now recites the most pertinent facts, as pled in Plaintiff's complaint and contained in records available to the public[2].

In the early morning hours of September 17, 2010, Plaintiff was departing from a social gathering in the Oakland neighborhood in the City of Pittsburgh. (ECF No. 1 at 7). He entered his vehicle, which was parked in the vicinity of 3612 Bates Street, Pittsburgh, Pennsylvania 15213, at or around 2:20 a.m. (*Id.*). Almost immediately thereafter, an adult male approached the driver's side window and ordered Plaintiff to exit the vehicle. (*Id.*). The man was Adam Summers, an officer with the University of Pittsburgh Police. (*Id.* at 3). Officer Summers was in plain clothes, but had a visible belt with a holstered weapon. (*Id.* at 8). Plaintiff complied with the order out of fear for his wellbeing. (*Id.* at 8 – 9). Officer Summers had not yet identified himself or the basis for ordering Plaintiff out of the vehicle. (*Id.* at 9).

Eventually, other law enforcement officers arrived on the scene. (*Id.*). These officers included Neil Reinsfelder and Steven Centra of the University of Pittsburgh Police, and Rufus Jones of the City of Pittsburgh Police. (*Id.* at 4, 10 – 11). None of the officers explained the

---

[2] The court takes judicial notice of the following exhibits attached to the defendants' motions: (1) the opinion of the Hon. Donna Jo McDaniel, dated July 20, 2015 (ECF Nos. 14-1 and 16-3); (2) the opinion of the Superior Court of Pennsylvania, dated February 1, 2016 (ECF Nos. 14-2 and 16-4); and Plaintiff's criminal docket from the Allegheny County Court of Common Pleas (ECF Nos. 14-3 and 16-2). The Court of Appeals for the Third Circuit has identified several narrowly defined types of material which may be considered for purposes of resolving a motion to dismiss without converting the motion to one for summary judgment. *In re Rockefeller Ctr. Props., Inc. Securities Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). One category of extraneous material which may be considered is public records, *Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 190 n. 3 (3d Cir. 1999), such as "judicial opinions and docket sheets." *Zedonis v. Lynch*, 233 F.Supp.3d 417, 422 (M.D. Pa. 2017). For purposes of motions to dismiss, however, the court may only take "'judicial notice of another court's opinion – not for the truth of the matter asserted, but for the existence of the opinion.'" *Brody v. Hankin*, 145 F.App'x 768, 772 (3d Cir. 2005) (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)). The court will not, therefore, consider the contents of the aforementioned judicial opinions.

purpose of Plaintiff's detention or provided their identities. (*Id.* at 10, 16). After approximately fifty minutes, Plaintiff accepted a cigarette offered by a University of Pittsburgh Police Officer, "Mr. A. Fink[3]." (*Id.* at 12 – 13). Plaintiff had mostly finished the cigarette when Officer Centra ordered him to throw it on the ground. (*Id.* at 14). Plaintiff complied. (*Id.*).

At or around 3:20 a.m., Plaintiff was informed that he was free to leave. (*Id.* at 15 – 16). When plaintiff inquired about the purpose of his detention, Officer Centra stated only that "we mistook you for a burglar." (*Id.* at 16). Officers Summers, Reinsfelder, Centra, and Jones filed reports of their encounter with Plaintiff. (*Id.* at 17). None observed any criminal conduct; Officers Summers, Reinsfelder, and Centra, however, all recounted that Officer Jones took the spent cigarette discarded by Plaintiff for possible future use as a biological sample. (*Id.*). Officer Jones' report made no mention of the cigarette. (*Id.*).

On or about October 7, 2010, Gregory Boss – a detective with the City of Pittsburgh Police – took possession of the cigarette recovered by Officer Jones. (*Id.* at 5, 18). Detective Boss was the lead investigator for a crime which occurred in the Southside Flats neighborhood of the City of Pittsburgh on September 5, 2010. (*Id.* at 18). Video surveillance at the scene of the crime was thought to show Plaintiff as the perpetrator. (*Id.* at 18 – 19). The cigarette was sent to the Allegheny County Crime Lab (the "Lab") for biological/DNA testing. (*Id.* at 19).

On November 30, 2010, Plaintiff was charged with one count of burglary, two counts of rape, four counts of involuntary deviate sexual intercourse, one count of sexual assault, one count of indecent assault, one count of terroristic threats, one count of unlawful restraint, and one count of simple assault. (ECF No. 14-3 at 1 – 3). Following a jury trial in the Allegheny County Court of Common Pleas, Plaintiff was found guilty of all charged conduct, and on June 26, 2012,

---

[3] Plaintiff does not provide Mr. A. Fink's full name, and does not include him as a defendant in the instant action.

he was sentenced to four consecutive terms of eight to twenty years' imprisonment. (*Id.* at 4 – 6). Judgment of sentence was affirmed by the Superior Court of Pennsylvania on November 25, 2013. (ECF No. 14-1 at 3). Plaintiff's petition for allowance of appeal was denied on May 30, 2014. (*Id.*). On October 17, 2014, Plaintiff filed a Post Conviction Relief Act petition, which was dismissed without a hearing. (*Id.*). An appeal of this dismissal was also denied on February 1, 2016. (ECF No. 14-2). Plaintiff is currently incarcerated at SCI-Forest.

The complaint in the instant case was filed by Plaintiff, *pro se*, on January 19, 2017. (ECF No. 1). Motions to dismiss, and accompanying briefs, followed on May 23, 2017. (ECF Nos. 13 – 16). Plaintiff's response was filed on July 3, 2017. (ECF Nos. 25 and 26). The matters are fully briefed, and ripe for disposition.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of a claim, and show that the pleader is entitled to relief. Dismissal of a complaint or portion of a complaint is justified under Federal Rule of Civil Procedure 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires a pleading party's complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 – 11 (3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined

4

whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the nonmoving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)).

A well-pleaded complaint, even when "it strikes a savvy judge that actual proof of…facts is improbable," will not be dismissed as long as the pleader demonstrates that his or her claim is plausible. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555 – 56). A pleading party need only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler*, 578 F.3d at 213 (quoting *Graff v. Subbiah Cardiology Assoc., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)). Pleadings filed by *pro se* litigants are to be liberally construed, and courts should be flexible when applying procedural rules. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

Nevertheless, the facts provided do need to raise the expectation of relief above a purely speculative level, and must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Phillips*, 515 F.3d at 231 – 32 (quoting *Twombly*, 550 U.S. at 554 – 56). Rule 8(a)(2) "requires a 'showing' rather than a blanket assertion of an entitlement to relief." *Id.* at 232. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and even *pro se* litigants are required to plead facts sufficient to supports their claims, and cannot flout procedural rules. *Mala,* 704 F.3d at 245.

5

If a claim is subject to dismissal, however, leave to amend should be granted *sua sponte* to a *pro se* plaintiff in a civil rights action. *Alston v. Admin. Offices of Del. Courts*, 663 F.App'x 105, 108 (3d Cir. 2016) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). Yet, leave may be denied based upon a finding of undue delay, bad faith, repeated failure to cure deficiencies, prejudice, or futility. *Mullin v. Balicki*, 875 F.3d 140 (3d Cir. 2017) (citing *Foman v. Davis*, 271 U.S. 178 (1962)). A court may properly consider amendment to be futile if a plaintiff cannot state facts which would change the outcome of a motion to dismiss. *Torruella-Torres v. Fort Dix FCI*, 678 F.App'x 59, 60 (3d Cir. 2017).

### IV. DISCUSSION

42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….

Congress conceived § 1983 as a safeguard against deprivations of individual rights conferred by federal statutes and the Constitution. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119 (2005) (citing *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)). At present, it is Plaintiff's contention that defendants conspired to seize his "person" by way of a biological/DNA sample purportedly contained within a discarded cigarette, in violation of the Fourth and Fourteenth Amendments. Defendants argue that Plaintiff's claim is precluded by his failure to timely file, as well as collateral estoppel and the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF Nos. 14 at 5 – 11; 16 at 6 – 15). Defendants also argue in their respective motions that Plaintiff failed to allege facts sufficient to state a claim upon which relief can be granted. (ECF Nos. 14 at 11; 16 at 14).

### A. Statute of Limitations

The untimeliness of Plaintiff's complaint bars his claim. Although the statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c), a complaint is properly subject to dismissal if the defense is "apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). The appropriate limitations period for § 1983 claims in Pennsylvania is two years. *Id.* (citing *Knoll v. Springfield Twp. Sch. Dist.*, 763 F.2d 584, 585 (3d Cir. 1985)). Thus, a complaint filed on January 19, 2017, presenting a claim pertaining to conduct which occurred on September 17, 2010, appears to be untimely filed. *Id.* at 157 – 58. Nonetheless, Plaintiff argues that his claim has not yet accrued, because the continued possession of his biological/DNA matter on the cigarette constitutes a "continued seizure of a 'person.'" (ECF No. 26 at 9). In his response to defendants' motions, Plaintiff also asserts that he "only came to recognize the ongoing conspiracy…in September of 2016." (*Id.* at 10).

Although not explicitly identified, Plaintiff appears to be relying – in part – upon the continuing violation doctrine. Under that doctrine, "'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014) (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). However, "'a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.'" *Id.* (quoting *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 423 (3d Cir. 2005)). Thus, a court must consider: "(1) whether the violations were related in subject matter

and (2) whether the acts were recurring." *Bennett v. Susquehanna Cnty. Children & Youth Servs.*, 592 F.App'x 81, 84 (3d Cir. 2014) (citing *Cowell*, 263 F.3d at 293).

Plaintiff alleges that the cigarette which he discarded in 2010 at the direction of Officer Centra was seized without a warrant or an objective, reasonable basis, and without any limitations upon its future use. (ECF No. 1 at 27 – 28). The biological/DNA matter on the cigarette has been in the continuous possession of the state since September 17, 2010, for use by any state agency for any purpose, and has allegedly caused Plaintiff to experience emotional pain and distress. (*Id.* at 28 – 29). As pled, however, the seizure of the cigarette with the biological/DNA matter was a discrete, isolated act. There are no allegations of other specific, unlawful actions taken by the defendants with respect to this evidence, only ill effects stemming from the original seizure. As such, there is no continuing violation. *See Gould v. Borough*, 615 F.App'x 112, 116 (3d Cir. 2015) (only affirmative acts constitute continual violations, not a refusal to correct a harm caused by prior unlawful conduct); *Mumma v. High-Spec, Inc.*, 400 F.App'x 629, 632 (3d Cir. 2010) ("perpetuation of the original violation" is not a new violation for purposes of the continuing violations doctrine); *MacNamara v. Hess*, 67 F.App'x 139, 143 – 44 (3d Cir. 2003) ("retention of the seized property is only a consequence of the original alleged illegal seizure and does not affect the date on which the claim accrues"); *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982), *abrogated on other grounds by Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) (continued incarceration following arrest is simply an ill effect of the initial detention, not a continuing violation). The court also notes that "continued distress [is not] indicative of a continued violation." *Bennett v. Susquehanna Cnty. Children & Youth Servs.*, 592 F.App'x 81, 85 (3d Cir. 2014). Therefore, to the extent that Plaintiff is arguing that the statute of limitations was tolled by the continuing violation doctrine, that argument is unavailing.

With respect to Plaintiff's purported lack of any knowledge of defendants' conspiracy until September 2016, it is well established that a claim will be found to have accrued not only when a plaintiff knew of an injury, but when he or she *should* have known. *Montanez*, 773 F.3d at 480 (citing *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). "The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589 F.3d at 634 (citing *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988)). This objective standard is applied even if the "'full extent of the injury is not then known or predictable.'" *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

September 17, 2010, is the date Plaintiff identified as the date of the seizure of the discarded cigarette and any biological/DNA matter contained thereon was seized. "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634 (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979). In his complaint, Plaintiff makes no mention of the date upon which he discovered the alleged conspiracy to effectuate the above seizure. Plaintiff similarly fails to plead facts to establish why he could not have discovered his injury prior to the lapse of the two-year statute of limitations. The factual allegations of the complaint reflect that the claim accrued on September 17, 2010 – the date of the allegedly unconstitutional seizure. As such, Plaintiff's complaint must be dismissed as untimely filed.

The dismissal shall be with prejudice. *See Ostuni v. Wa Wa's Mart*, 532 F.App'x 110, 111 – 12 (3d Cir. 2013) (if the pleadings demonstrate that a plaintiff knew, or should have known, the date upon which a claim accrued and failed to file a complaint within the applicable statutory period, dismissal with prejudice is warranted; any attempt at amendment would be

futile). As previously noted, Plaintiff was charged with various criminal offenses following his encounter with Defendants. Following a trial, in which potential evidence obtained from the discarded cigarette was at issue, Plaintiff was found guilty of all charged conduct on June 26, 2012. By that point, Plaintiff had reason to know of his alleged injuries. Accordingly, granting Plaintiff leave to amend would be futile, as more than four years have passed since Plaintiff's conviction. *See Torruella-Torres*, 678 F.App'x at 60 (when the passing of the relevant statute of limitations is apparent on the face of the complaint, and no facts could be plead to change this outcome, granting leave to amend is futile).

### B. *Failure to State a Claim, Collateral Estoppel, and the Heck Doctrine*

In light of the complaint showing that the claim asserted under § 1983 is barred by the passing of the relevant statute of limitations, the court need not address defendants' remaining arguments with regard to the sufficiency of the facts pled to sustain the claim, or the applicability of collateral estoppel and the *Heck* doctrine.

### V. CONCLUSION

Based upon the foregoing, the court finds that the allegations of the complaint show that Plaintiff's § 1983 claim is barred by the applicable statute of limitations. Accordingly, defendants' motions to dismiss are granted. (ECF Nos. 13 and 15). The claim contained in Plaintiff's complaint (ECF No. 1) shall be dismissed, with prejudice.

An appropriate order follows.

*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

Dated: December 5, 2017
cc/ecf: All counsel of record

Akaninyene Efiong Akan
KP-8782
SCI Forest
P.O. Box 945
Marienville, PA 16239
(regular mail)