**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AKANINYENE EFIONG AKAN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-89 |
| | ) | |
| **ADAM SUMMERS, NEIL** | ) | |
| **REINSFELDER, STEVEN CENTRA,** | ) | |
| **RUFUS JONES, GREGORY BOSS** | ) | |
| *sued in their individual and official* | ) | |
| *capacities),* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Presently pending before the court are: 1) the motion of plaintiff, Akaninyene Efiong Akan ("plaintiff"), *pro se*, to "reopen time to file a motion for reconsideration and appeal from judgment entered on December 5, 2017," (ECF No. 32), pursuant to Federal Rule of Civil Procedure 60(b)(6), Federal Rule of Civil Procedure 77(d), Federal Rule of Appellate Procedure 4(a)(6), and Local Civil Rules 5.6 and 10(d); 2) the motion of plaintiff to compel specific performance (ECF No. 38); and 3) the motion of plaintiff to notify the court of "crucial misrepresentation." (ECF No. 40).

Plaintiff is incarcerated at the State Correctional Institution at Forest, Pennsylvania ("SCI-Forest"). On December 5, 2017, the court issued an opinion and order on defendants' motions to dismiss the complaint, (ECF Nos. 30, 31), granting defendants' motions over plaintiff's opposition and dismissing the complaint with prejudice because the only claim asserted by plaintiff was barred by the applicable statute of limitations. By filing post-marked April 27, 2018, plaintiff, *pro se*, filed the present motion for extension of time. Defendants

Steven Centra, Neil Reinsfelder, and Adam Summers (the "University defendants") filed a response in opposition on May 22, 2018 (ECF No. 36), and defendants Gregory Boss and Rufus Jones filed a response in opposition on May 25, 2018, which merely incorporated the arguments of the University defendants. (ECF No. 37).

Plaintiff indicates in his motion that he did not receive a copy of the court's December 5, 2017 opinion and order dismissing his complaint and closing the case, asserting that it was not sent to him. Plaintiff further indicates that because he is a prisoner and does not have the benefit of electronic notice, he requested a copy of the docket in November 2017 and again in April 2018. According to plaintiff, review of the docket obtained from the court after his November 2017 request revealed no activity with respect to dismissal of his complaint, but the docket he received on April 13, 2018 indicated that the court had granted defendants' motions and the action had been dismissed on December 5, 2017. (ECF Nos. 32 ¶¶ 5, 7-8; 38-4 at 3-4). Plaintiff filed his present motion, which was post-marked on April 27, 2018. Under the "prisoner mailbox rule," an inmate's pleadings are deemed filed at the moment he delivers the documents to prison officials to be mailed and not the date the documents are actually filed in court. Houston v. Lack, 487 U.S. 266, 275–76 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing"). Although this rule has typically been applied in circumstances involving habeas petitions, courts within the Third Circuit have extended this rule to other contexts, including § 1983 claims. See White v. Pa. State Police, 408 F. App'x 521, 522 (3d Cir. 2010) (a prisoner receives the benefit of the mailbox rule for a § 1983 complaint). Thus, plaintiff filed his present motion for extension within 14 days after notice of the entry of the court's order dismissing his case.

Plaintiff's motion to reopen the time to appeal also indicates that because he never received a copy of the opinion and order he could not determine whether he had a basis to file a motion for reconsideration or a notice of appeal, and requests that the court grant his motion, send him the documents, and give him additional time to consider those options.   On May 14, 2018, however, the court caused to be served upon plaintiff by first-class mail a copy of the December 5, 2017 memorandum opinion and order.   Plaintiff did not subsequently file anything to indicate a basis for this court to reconsider its December 5, 2017 opinion and order.

After filing the motion to reopen the time to appeal, and in order to support his contention that he was not sent and did not receive a copy of the court's December 5, 2017 memorandum opinion and order, on June 28, 2018, plaintiff filed his motion seeking to compel the Superintendent of SCI-Forest to submit a statement verifying that the only mail from the United States District Court for the Western District of Pennsylvania addressed to plaintiff that he had received during the period from November 1, 2017, to April 18, 2018, were mail pieces signed for by plaintiff on November 22, 2017, and April 13, 2018,  (ECF No. 38), both of which related to plaintiff's request for a copy of the docket from this case.  Defendants filed a joint response to this motion on July 12, 2018.  (ECF No. 39).

In response to plaintiff's motion to reopen the time for appeal, defendants contend that plaintiff only makes a bald assertion that he did not receive the memorandum and order, these documents indicate service, and there is no evidence that they were not sent.  (ECF No. 36 at 4). They further point out that because plaintiff seeks to extend the time to appeal, his request for relief is governed solely by Federal Rule of Appellate Procedure 4, and not by Federal Rule of Civil Procedure 60.  (ECF No. 36 at 3).  Defendants argue that plaintiff failed to show diligence in monitoring the docket to discover the entry of the court's order.  (ECF No. 36 at 5).

According to defendants, because there is no evidence that the Clerk of Court failed to deliver a copy of the court's memorandum opinion and order to plaintiff, plaintiff's argument under Federal Rule of Appellate Procedure 4(a)(6) fails, (ECF No. 36 at 2); and because plaintiff failed to actively monitor the docket, any alleged "mistake" asserted by plaintiff under Rule 60(b)(1) is negated and any prejudice to plaintiff is nullified. (ECF No. 36 at 5).

Federal Rule of Civil Procedure 60(b) provides in pertinent part that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect; [or]

***

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1) & (6).

Federal Rule of Appellate Procedure 4(a)(6), with respect to the district court's authority to extend the time for appeal, however, expressly provides that:

[t]he district court <u>may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered</u>, but <u>only if</u> all the following conditions are satisfied:

(A) the court finds that the moving <u>party did not receive notice</u> under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
(B) the <u>motion is filed within 180 days after the judgment or order</u> is entered <u>or within 14 days after the moving party receives notice</u> under Federal Rule of Civil Procedure 77(d) <u>of the entry</u>, whichever is earlier; and
(C) the court finds that <u>no party would be prejudiced</u>.

FED. R. APP. P. 4(a)(6) (emphasis added).

Federal Rule of Civil Procedure 77(d), referenced in Rule 4(a)(6), provides:

**(d) Serving Notice of an Order or Judgment.**
  **(1)** *Service*.  Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for

failing to appear.  The clerk must record the service on the docket.  A party may also serve notice of the entry as provided in Rule 5(b).

   **(2)** ***Time to Appeal Not Affected by Lack of Notice***.  Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Fed. R. Civ. P. 77(d).

Although plaintiff cites to Rule 60, the court finds that it is not applicable because plaintiff seeks an extension of the time to appeal and relief for plaintiff is available as specified in Federal Rule of Appellate Procedure 4(a)(6).  Baker v. United States, 534 F. Supp. 2d 578, 583 (W.D. Pa. 2008).  Plaintiff did not assert any basis for relief from the judgment entered; rather, his arguments are aimed at extension of the time to appeal and at a subsidiary request to extend time for reconsideration, neither of which serve as a basis for this court providing relief from the order dismissing his action.

 With respect to plaintiff's assertion that he did not receive the memorandum opinion and order, the assertion is not a bald averment as defendants suggest, but rather a specific factual assertion and plaintiff attempted to provide information to support that factual assertion. Although the memorandum opinion and order do indicate that they were to be sent by regular mail, the docket does not otherwise note that the service was made, and more importantly, the court consulted its own records and determined that these documents in fact were not sent to plaintiff just as plaintiff professes.   Finally, and of particular note, defendants nowhere assert any prejudice to them if the court orders the time for appeal extended and they do not assert or aver any facts from which the court could find any prejudice.

Based upon the foregoing, the court finds that:  1) as required under Federal Rule of Appellate Procedure 4(a)(6)(A), plaintiff did not receive notice under Federal Rule of Civil Procedure 77(d) of entry of the order dismissing his complaint within 21 days after entry of the

order dated December 5, 2017 dismissing his case because he is not an CM/ECF filer receiving electronic notice and neither the order nor the memorandum opinion (ECF Nos. 30, 31) was sent to him; 2) as required under Federal Rule of Appellate Procedure 4(a)(6)(B), plaintiff's request to reopen was timely filed within 180 days of the date of the order to be challenged because the motion was filed as determined under the prisoner mail box rule on April 27, 2018, which is within 14 days of him having received the order on April 13, 2018 and only 143 days after the order was entered; and 3) as required by Federal Rule of Appellate Procedure Rule 4(a)(6)(C), no party would be prejudiced by this court reopening the time for appeal and defendants do not assert any prejudice to them.   Accordingly, the court will grant plaintiff's motion pursuant to Federal Rule of Appellate Procedure 4(a)(6) and reopen the time for appeal until 14 days after the court's order entered herewith.

The terms of Federal Rule of Appellate Procedure 4(a)(6) are explicit and restricted to an extension of 14-days after entry of the court's order granting the motion for extension of time to file an appeal.  Because the court has no authority to further extend the time beyond 14 days after it enters the order granting plaintiff's motion, it would be a waste of judicial resources, see FED. R. CIV. P. 1, and source of confusion for the court also to extend the time for plaintiff to file a motion for reconsideration.   Furthermore, on May 14, 2018, plaintiff was sent the December 5, 2017 memorandum opinion and order and in the intervening period of over two months he did not file with the court anything to indicate any basis for reconsideration of the court's December 5, 2017 order.  Therefore, the court will deny plaintiff's request for extension of the time to file a motion for reconsideration.

To the extent, however, plaintiff now discerns a basis for appeal of the court's December 5, 2017 order, he will be permitted to file a notice of appeal, but must expeditiously file it no

later than 14 days after the date of today's order granting his motion to extend the time to appeal. The court is without any authority under the Federal Rules of Appellate Procedure to further extend that time period.

Finally, because the court determines that a copy of the court's December 5, 2017 memorandum and order was not originally sent to plaintiff and the court will order that plaintiff have 14 days from today's date to file a notice of appeal, the court will deny as moot plaintiff's motion to compel specific performance (ECF No. 38) and his motion to notify the court of crucial misrepresentation (ECF No. 40).

July 30, 2018                                        By the Court:

                                                    /s/ Joy Flowers Conti

                                                    Joy Flowers Conti
                                                    United States District Judge

cc: **AKANINYENE EFIONG AKAN**
    KP-8782
    SCI Forest
    P.O. Box 945
    Marienville, PA 16239-0945
    (via First-Class mail)