IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AKANINYENE EFIONG AKAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-89 |
| | ) |
| **ADAM SUMMERS, NEIL REINSFELDER, STEVEN CENTRA, RUFUS JONES, GREGORY BOSS** *sued in their individual and official capacities)*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

By postmark dated August 10, 2018[1] plaintiff Akaninyene Efiong Akan ("plaintiff"), *pro se*, who is incarcerated at the Pennsylvania State Correctional Institution at Forest, filed a document titled "Notice of Grounds for Reconsideration and Discharge of Order Entered on December 5, 2017," (ECF No. 49), which the court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) with respect to the court's December 5, 2017 final order dismissing his case with prejudice. (ECF No. 31). For the following reasons, the motion for reconsideration will be denied as untimely filed.

---

[1] Under the "prisoner mailbox rule," plaintiff's present motion is deemed filed at the moment he delivered the document to prison officials to be mailed and not the date the documents were actually filed in court. Houston v. Lack, 487 U.S. 266, 275–76 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing"); White v. Pa. State Police, 408 F. App'x 521, 522 (3d Cir. 2010) (a prisoner receives the benefit of the mailbox rule for a § 1983 complaint). Thus, because the postmark for the filing is dated August 10, 2018, (ECF No. 49-2), the court considers August 10, 2018 as the filing date of the present motion.

By order dated December 5, 2017, the court granted the motion of defendants to dismiss the complaint and dismissed the complaint with prejudice. (ECF No. 31). By postmark dated April 27, 2018, plaintiff filed a motion for extension of time to file a motion for reconsideration and for extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(6) to file an appeal, asserting therein that: 1) he had never been served with a copy of the December 5, 2017 opinion and order dismissing his case; 2) he only became aware of the dismissal in April 2018 after he requested and received a copy of the docket; and 3) at the time of his April 27, 2018 motion he only had a copy of the docket entry and did not have a copy of the December 5, 2017 memorandum opinion and order to determine whether to request reconsideration or appeal. (ECF No. 32). While the motion for extension of time was pending, the court on May 14, 2018 served a copy upon plaintiff of its December 5, 2017 opinion and order as specifically noted on the docket.

As indicated in the court's July 30, 2018 memorandum opinion and order (ECF Nos. 41, 42), the court denied plaintiff's request for an extension of time to file a motion for reconsideration, but granted the motion to extend the time for appeal pursuant to Rule 4(a)(6) based upon the court's determination that a copy of the court's December 5, 2017 order originally had not been sent to plaintiff at the time it was entered. (ECF Nos. 41 at 5). The court noted in its July 30, 2018 memorandum opinion that, despite the fact that the court had sent plaintiff a copy of the December 5, 2017 memorandum opinion and order on May 14, 2018, plaintiff had not filed anything to indicate a basis for reconsideration. (ECF No. 41 at 3, 6). Plaintiff provides no explanation in his present filing with respect to why he waited until August 10, 2018 to file the present motion for reconsideration, although he was served with the court's

December 5, 2017 memorandum opinion and order nearly three months prior, and does not request excuse for his significant delay.

A motion for reconsideration under Federal Rule of Civil Procedure 59 ordinarily must be filed within 28 days of the judgment. FED. R. CIV. P. 59(e) ("a motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."). Because the court determined that plaintiff was not sent a copy of the December 5, 2017 final order until it was sent to him by the court on May 14, 2018, the court considers the timeliness of his present motion with reference to when the December 5, 2017 opinion and order was served. A motion for reconsideration filed 90 days after service upon plaintiff of the December 5, 2017 order is decidedly untimely and no excuse for this lengthy delay is offered or perceived. Accordingly, the court will deny the motion for reconsideration as untimely filed.

An appropriate order will follow.

August 16, 2018

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: **AKANINYENE EFIONG AKAN**
    KP-8782
    SCI Forest
    P.O. Box 945
    Marienville, PA 16239-0945
    (*via* First-Class mail)