## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AKANINYENE EFIONG AKAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-89 |
| | ) |
| **ADAM SUMMERS, NEIL REINSFELDER, STEVEN CENTRA, RUFUS JONES, GREGORY BOSS** *sued in their individual and official capacities),* | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Akaninyene Efiong Akan ("plaintiff"), *pro se*, is incarcerated at the Pennsylvania State Correctional Institution at Forest. On August 16, 2018, the court denied as untimely filed plaintiff's motion for reconsideration of the court's December 5, 2017 order dismissing his claim with prejudice and closing this case. (ECF No. 42). Presently pending is plaintiff's "motion for relief from [the] order entered on August 16, 2018 under Rule 60(B)(6) F.R.C.P." (ECF No. 53).[1]

### I. Background

The court on December 5, 2017 issued its memorandum opinion and order granting defendants' motions to dismiss the complaint with prejudice on the grounds that plaintiff's claim was barred by the applicable statute of limitations. (ECF 30, 31). By filing postmarked April

---

[1] It appears that the same motion has been docketed at both ECF No. 53 and ECF No. 54. ECF No. 54 will be denied as duplicative.

1

27, 2018,[2] plaintiff filed a motion for extension of time to file an appeal and to file a motion for reconsideration on the basis that he had never been served a copy of the December 5, 2017 order dismissing his case. (ECF No. 32). Specifically, plaintiff argued in that motion his "ability to duly and properly respond [was] impeded by" not having a copy of the memorandum opinion and order, (ECF No. 32, ¶ 12), and that "no parties will be prejudiced by [his] being afforded the opportunity to file motions for reconsideration . . . should such actions be warranted by the content/substance of the order and memorandum opinion filed on December 5, 2017." (ECF No. 32 at 6). In the interim, on May 14, 2018, the court sent to plaintiff a copy of its December 5, 2017 memorandum opinion and order.

Because the court ultimately determined that plaintiff was not served with a copy of the December 5, 2017 order and memorandum opinion until it was sent on May 14, 2018, (ECF No. 41 at 3, 5), the court by order dated July 30, 2018 granted plaintiff an extension of time to appeal the dismissal order pursuant to Federal Rule of Appellate Procedure 4(a)(6). (ECF No. 42). In that same July 30, 3018 order, however, the court denied plaintiff's request for an extension of time to file a motion for reconsideration of the dismissal order.

Although plaintiff by a mailing postmarked August 7, 2018 filed a notice of appeal of the court's order dismissing his claim with prejudice and closing the case, (ECF Nos. 46, 46-1), he subsequently by mail postmarked August 10, 2018 filed a document with this court titled "Notice of Grounds for Reconsideration and Discharge of Order Entered on December 5, 2017." (ECF

---

[2] Under the "prisoner mailbox rule," plaintiff's motions were deemed filed at the moment he delivered the documents to prison officials to be mailed and not the date the documents were actually filed in court. Houston v. Lack, 487 U.S. 266, 275–76 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing"); White v. Pa. State Police, 408 F. App'x 521, 522 (3d Cir. 2010) (a prisoner receives the benefit of the mailbox rule for a § 1983 complaint). The court will refer to the postmarks on plaintiff's various filings as the date on which, at the latest, he delivered the papers to prison authorities for mailing.

No. 49). The court construed plaintiff's notice[3] as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) with respect to the court's December 5, 2017 final order dismissing his claim with prejudice. (ECF No. 31). The court denied the motion for reconsideration as untimely by order dated August 16, 2018, observing that "[a] motion for reconsideration filed 90 days after service upon plaintiff of the December 5, 2017 order is decidedly untimely." (ECF No. 50 at 3).

Undaunted, plaintiff then filed the present motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from the court's August 16, 2018 order denying his motion for reconsideration pursuant to Rule 59 as untimely filed. (ECF No. 54). For the following reasons, the motion for relief must be denied.

**II. Legal Standards**

A motion for reconsideration under Federal Rule of Civil Procedure 59 must be filed within 28 days of the judgment. FED. R. CIV. P. 59(e).

Federal Rule of Civil Procedure 6 states:

> Rule 6. Computing and Extending Time; Time for Motion Papers
>
> ****
>  **(b) Extending Time.**
> **(1) *In General.*** When an act may or must be done within a specified time, the court may, for good cause, extend the time:

---

[3]*Pro se* plaintiffs are held to a less stringent standard than individuals represented by counsel. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("*pro se* litigants are held to a lesser pleading standard than other parties"). Pleadings filed by *pro se* litigants are to be liberally construed, and courts should be flexible when applying procedural rules. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (citing Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011)). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519, 520 (1972).

**(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
**(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.
**(2)** *Exceptions.* **A court must not extend the time to act under Rules** 50(b) and (d), 52(b), **59(b), (d), and (e), and 60(b).**

FED. R. CIV. P. 6 (emphasis added).

Federal Rule of Civil Procedure 60(b) provides:

Rule 60. Relief From a Judgment or Order

****

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

FED. R. CIV. P. 60.

Pursuant to Federal Rule of Civil Procedure 62.1(a),

[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

FED. R. CIV. P. 62.1.

### III. Discussion

In his motion, plaintiff argues that any untimeliness for a motion for reconsideration must be excused because the court's motion practice order provides that a motion for reconsideration

must be filed 28 days from the date of the order for which reconsideration is sought, (ECF No. 20 at 2), and therefore, he could not file any motion for reconsideration until the court granted him an equitable extension of time. (ECF No. 53 at 2).[4] Thus, according to plaintiff, even once he had a copy of the memorandum opinion and order to determine if he had a basis to move for reconsideration, there was nothing more he should or could do, but only to wait and see if the court granted his motion to extend the time to file a motion for reconsideration. (ECF No. 53 at 1-2). He asserts the court's consideration of his conduct as dilatory "is in conflict with rudimentary principles of fairness as this court has thereby sanctioned Plaintiff for not filing what would have been a patently untimely motion for reconsideration while Plaintiff was awaiting this court's decision on Plaintiff's request to equitably reopen the time for Plaintiff to motion for reconsideration of the December 5, 2017 final order." (ECF No. 53 at 3). Thus, plaintiff offers fairness and equity as the bases for relief from the court's order denying his motion for reconsideration as untimely filed.

Irrespective of the court's motion practice order, which simply states the requirement of Rule 59 with respect to the time limit for filing a motion for reconsideration—28 days, or the perceived unfairness expressed by plaintiff, the Federal Rules of Civil Procedure and the opinion of the Court of Appeal for the Third Circuit in Long v. Atlantic Police Department, 670 F.3d 436 (3d Cir. 2012), prohibit the relief plaintiff seeks.

The problem with plaintiff's present motion, and quite frankly with his prior motion to extend time for reconsideration, is that Federal Rule of Civil Procedure 6 with respect to extensions of time expressly prohibits the requested relief. Because Rules 59(a) (grounds for a new trial) and 59(c) (time to serve affidavits) are inapplicable, plaintiff's original motion

---

[4] Despite his present position, plaintiff filed a notice offering his reasons for reconsideration. (ECF No. 49).

5

necessarily fell within Rule 6(b)(2)'s prohibition that the court must not extend the time for plaintiff's Rule 59 motion. Under Rule 6(b)(2), the court likewise lacked authority to extend the time for filing a Rule 60(b) motion even had plaintiff filed his motion initially under Rule 60(b) instead of Rule 59.

The Court of Appeals for the Third Circuit in <u>Long</u> addressed the interplay between Federal Rule of Civil Procedure 59 and Federal Rule of Appellate Procedure 4, explaining:

> Because the timeliness of a motion for reconsideration implicates our power to hear an appeal under Appellate Rule 4(a)(4)(A), a bare statement that the prisoner's allegations are assumed to be true will not do. Some kind of fact-finding is essential. We note, moreover, that making assumptions about timeliness could be viewed as an extension of time to file a motion for reconsideration. That would be inappropriate, given the explicit instruction in Rule 6 that time extensions for certain motions, including motions pursuant to Rule 59(e), are forbidden. <u>See</u> Fed.R.Civ.P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."). District courts should of course heed that direction and hew strictly to the stated time limits, **unless there is prison delay** that serves as a basis for treating an untimely motion as timely.

670 F.3d at 444 n. 16 (emphasis added).

In <u>Long</u>, service to the prisoner of the court's order was delayed due to conduct occurring in the district court's clerk office as well as due to the conduct of prison officials. The court specifically instructed that "although some portion of the delay [in service] was allegedly caused by the District Court's clerk office [] any such time lost would not count towards making Long's untimely motion for reconsideration timely." <u>Id.</u> at 445.

The situation in the present matter does not involve any delay on the part of prison officials. Under <u>Long</u>, because the time lost for filing a motion for reconsideration was caused by delay in service of the court's December 5, 2017 order that was not attributable to any prison delay, it could not count toward or support considering plaintiff's motion for reconsideration as timely filed. Thus, the court was constrained by the opinion in <u>Long</u> to deny as untimely the

6

motion for reconsideration, which was filed more than 28 days after the court's December 5, 2017 order was entered.

Plaintiff does not identify under which provision of Rule 60(b) he presently seeks relief. He appears to proceed under Rule 60(b)(6), arguing that unfairness results from the court's order denying his motion for reconsideration on timeliness grounds because at the time he was sent the order dismissing his case the original 28 days for filing a motion for reconsideration had expired. Although he admittedly was served a copy of the order on May 14, 2018, (ECF No. 53 ¶ 7), it was not accompanied by any order granting him an extension of time. Plaintiff asserts he was awaiting the court's ruling on the extension of time before advancing his reasons for reconsideration.

None of the parties cited to Federal Rule of Civil Procedure 6 with respect to the post-dismissal series of motions. Taken together, Rule 6(b)(2), Rule 59(e) and <u>Long</u> firmly instruct that this court had no authority to extend the deadline for a motion for reconsideration and under the particulars of this case also had no authority to exclude any time when calculating the 28-day period for plaintiff's motion for reconsideration under Rule 59(e), which began to run once the order dismissing his claim with prejudice was entered on December 5, 2017. Plaintiff's untimely motion for reconsideration simply could not be rendered timely based upon the justification plaintiff offers. Accordingly, the court was required to deny plaintiff's motion for extension of time to file the motion for reconsideration. His present Rule 60(b) motion to the extent it challenges the court's determination in its August 16, 2018 order that the motion for reconsideration was untimely fails and must be denied.

Also, to the extent plaintiff seeks to challenge through his Rule 60(b) motion the court's December 5, 2017 order dismissing his claim with prejudice, the court cannot grant his motion.

7

By virtue of his notice of appeal, which was filed prior to his Rule 60(b) motion,[5] the court is without jurisdiction to grant him the relief requested. Specifically, plaintiff requests that "this court be merciful and equitable by substantially considering Plaintiff's proffered grounds for reconsideration and discharge of the December 5, 2017 final order." (ECF No. 53 at 4). He makes clear that he seeks through his Rule 60(b) motion to challenge the same matters with respect to which he has filed a notice of appeal.

"In general, the filing of a notice of appeal 'is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" United States v. Whoolery, No. CR 10-144-02, 2017 WL 228217, at *1 (W.D. Pa. Jan. 18, 2017), reconsideration denied, No. CR 10-144-02, 2017 WL 736911 (W.D. Pa. Feb. 24, 2017), and certificate of appealability denied, No. CV 17-1488, 2017 WL 3976609 (3d Cir. June 15, 2017), cert. denied, 138 S. Ct. 1025, 200 L. Ed. 2d 284 (2018), and reconsideration denied, No. CR 10-144-02, 2018 WL 3997127 (W.D. Pa. Aug. 21, 2018) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982)).

In Kull v. Kutztown University of Pittsburgh, 543 F. App'x 244 (3d Cir. 2013), the appellate court explained:

> as the District Court pointed out, it no longer retained jurisdiction over the case after Kull filed a timely notice of appeal. . . .
> Although certain post-trial motions preserve jurisdiction in the District Court for the purposes of disposing of the motion, that is not the case under a Rule 60(b) motion. A Rule 60(b) motion preserves jurisdiction in the District Court <u>only if filed no later than 28 days after judgment is entered</u>. Fed. R.App. P. 4(a)(4)(A)(vi). Because Kull's motion was not filed within that time, the District Court lacked jurisdiction to grant Kull's pro se motion even if it had treated it as a Rule 60(b) motion.

543 F. App'x at 248 (emphasis added).

---

[5] Plaintiff's notice of appeal had to be filed no later than fourteen days after the July 30, 2018 order granting him the extension of time to file the appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

This court is divested of jurisdiction over aspects of this case involved in plaintiff's appeal, namely his challenges to the court's order granting the motions to dismiss. For the court to have jurisdiction to consider plaintiff's Rule 60(b) motion challenging the December 5, 2017 order dismissing his claim with prejudice he would have had to file it no later than 28 days after entry of that order, which he did not. To the extent Rule 62.1 provides that the court lacks authority to grant the motion, but may "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue," Fed. R. Civ. P. 62.1(a)(3), the court declines to do so.

**IV.     Conclusion**

Based upon the foregoing, the court was without any authority to grant plaintiff's motion seeking an extension of time to file a motion for reconsideration or to grant his present motion seeking relief from the order denying his motion for reconsideration as untimely filed. Accordingly, the present motion for relief (ECF No. 53), will be denied.

The court recognizes that the application of the rules may appear unfair to plaintiff in consideration of the particular circumstances at play in this action—the delay in service of the order upon him and the expiration of the 28-day period from the date of entry of the December 5, 2017 order to file his Rule 59 motion even before he received the order. Plaintiff, however, had the opportunity to and did offer responses to the motions to dismiss, (ECF Nos. 25, 26), which were considered by the court in ruling on the motions to dismiss. Furthermore, because the court granted plaintiff's motion for extension of time to file the appeal of the order dismissing his case, (ECF No. 42), and plaintiff subsequently filed that appeal, (ECF No. 46), he has an avenue to seek relief in the appellate court.

An appropriate order denying plaintiff's motion (ECF No. 53) will follow.

December 4, 2018                    By the court:

                                                                  /s/ Joy Flowers Conti
                                                                  Joy Flowers Conti
                                                                 United States District Judge

cc: **AKANINYENE EFIONG AKAN**
    KP-8782
    SCI Forest
    P.O. Box 945
    Marienville, PA 16239-0945
    (*via* First-Class mail)