# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AKANINYENE EFIONG AKAN**, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-89 |
| **ADAM SUMMERS, NEIL REINSFELDER, STEVEN CENTRA, RUFUS JONES, GREGORY BOSS** *sued in their individual and official capacities*), | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CONTI, Senior District Judge

### I. Introduction

Pending before the court in this closed action brought under 42 U.S.C. § 1983 is a motion to permanently seal all judicial documents (ECF No. 62), which was filed by plaintiff Akaninyene Efiong Akan ("plaintiff"). Plaintiff in his motion sets forth broad and vague allegations about the need to seal the docket in the above-captioned case. He, therefore, did not satisfy his heavy burden to overcome the presumptive right of public access to the court's docket. For the reasons set forth in this memorandum opinion, the motion to seal will be denied without prejudice.

### II. Discussion

#### A. Applicable Law with respect to Sealing Judicial Records

"There is a presumptive common law[1] right of public access to all material filed in connection with non-discovery pretrial motions, including summary judgment motions." In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 663 (D.N.J. 2004) (citing Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 661 (3d Cir. 1991)). The public right of access "encompasses the right of the public to inspect and to copy judicial records[,]" Mine Safety Appliances Co. v. N. River Ins. Co., 73 F.Supp.3d 544, 559 (W.D. Pa. 2014) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988)), and "applies to all aspects of the judicial process where substantive determinations are made[,]" Id. at 558. For example:

> The right of access applies to documents and evidentiary materials submitted in support of summary judgment….This is because the need for public scrutiny is at its zenith when the motion is dispositive and is of a comparable level when the motion is denied because the ruling tends to shape the scope and substance of the litigation as the parties proceed to trial.

Id. at 559.

The common law public right of access, however, is not absolute. In re Gabapentin, 312 F.Supp.2d at 663-64 n.5 (citing Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 165 (3d Cir. 1993)). The presumptive public right of access is subject to competing interests of secrecy. Id. (citing Leucadia, 998 F.2d at 167). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury….'" Miller v. Indiana Hospital, 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker, 773 F.2d at 1071). "Such an injury must be shown with specificity." Mine Safety, 73 F.Supp.3d at 560 (citing Publicker, 733 F.3d at 1071). "'Broad allegations of harm, bereft of specific examples or

---

[1] There also exists a First Amendment public right of access. Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1067 (3d Cir. 1984). First Amendment public right of access issues, however, were not raised in this case.

articulated reasoning, are insufficient.'" Id. (quoting In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). "'The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.'" In re Cendant Corp., 260 F.3d at 194 (quoting Leucadia, 998 F.2d at 165). "A party who seeks to seal an *entire* record faces an even heavier burden." Miller, 16 F.3d at 551 (emphasis in original).

A district court prior to sealing judicial records "must satisfy certain procedural and substantive requirements." Publicker, 733 F.2d at 1071. The Third Circuit Court of Appeals has explained:

> Procedurally, a trial court in closing a proceeding must both articulate the countervailing interest it seeks to protect and make "findings specific enough that a reviewing court can determine whether the closure order was properly entered." See Press-Enterprise Co. v. Superior Court of California, Riverside County, ___ U.S. ___, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984); In re Iowa Freedom of Information Council, 724 F.2d at 662.
>
> Substantively, the record before the trial court must demonstrate "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Superior Court of California, Riverside County, 104 S.Ct. at 824.

Id. With respect to the procedural requirements, the court must conduct "'careful factfinding and balancing of competing interests[,]'" which includes a "'document-by-document review'" of the contents of the challenged documents. In re Avandia Mktg., Sales Practices & Prod. Liab. Litig., 924 F.3d 662, 670 (3d Cir. 2019) (quoting Leucadia, 998 F.2d at 167). "In assessing whether material should be or remain sealed under the common law standard, the court should consider whether (1) the material is the 'kind of information that courts will protect' and (2) whether there is 'good cause' for the order to issue." W. Penn Allegheny Health Sys., Inc. v. UPMC, No. 2:12-CV-0692-JFC, 2013 WL 12141532, at *6 (W.D. Pa. Sept. 16, 2013) (quoting Publicker, 773 F.2d at 1071)). "Good cause is established on a showing that disclosure will work a clearly

3

defined and serious injury to the party seeking closure." Publicker, 773 F.2d at 1071. To determine whether "good cause" exists to seal the judicial filing, the court may consider the following factors:

1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). Although the "good cause" factors refer to the interests of the *party* seeking the sealing of a document, courts have considered whether a *third party's* interests in sealing documents outweighs the public right of access to the documents. United States v. Smith, 776 F.2d 1104, 1105 (3d Cir. 1985) (affirming the district court's decision in a criminal case to deny the press access to a bill of particulars that implicated third parties who were not charged in the case); Onex Credit Partners, LLC v. Atrium 5 LTD., No. CV 13-5629 (JMV), 2017 WL 4284490, at *3 (D.N.J. Sept. 27, 2017) (holding documents would be sealed because they divulged personal and private information of the plaintiff-employer's employee who was not a party to the case).

　　**B. Analysis**

Here, plaintiff wants the court to seal the entirety of the docket in this case. As discussed

4

above, a party seeking to seal an *entire* record bears a heavier burden to show that its interest in secrecy outweighs the presumption of public access. Miller, 16 F.3d at 551; In re Cendant Corp., 260 F.3d at 194. Plaintiff in his motion offers the following reasons the court should seal the entire docket in this case:

- "[he] has gained a spiritual awareness of the importance of forgiveness, and given a choice…[he] would not have filed the initiating complaint against the defendants irrespective of a statute of limitations" (ECF No. 62 ¶ 3);

- "[he] has had both a change of heart and posture towards the defendants resulting in a decision to forgive and release the defendants from his complaint" (id. ¶ 4); and

- "[he] desires to eliminate the possibility for any of the filings on [sic] this case to be used against the defendants in any capacity in the future" (id. ¶ 5).

While plaintiff's reasons for sealing this case may be admirable, they are not sufficient to satisfy his heavy burden to overcome the presumption of public access to the docket in this case. Plaintiff's broad and vague allegations of possible future harm to defendants are not sufficient to satisfy his burden. See In re Avandia Mktg., 924 F.3d at 670 (explaining that the injury complained of by the proponent of sealing "'must be shown with specificity'") (quoting Publicker, 733 F.3d at 1071); Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) ("an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious."). In this case, plaintiff did not provide the court sufficient argument or evidence to engage in careful factfinding to balance the competing interests with respect to each of the sixty-three docket entries in this case. Under those circumstances, the motion to seal will be denied without prejudice. See United States v. Wilder, Crim. Action No. 03-72, 2019 WL 1745794, (W.D. Pa. Apr. 18, 2019) (denying without prejudice a motion to seal because the movant did not identify which documents he wanted sealed or otherwise satisfy his heavy burden to show the entire docket should be sealed).

**III.     Conclusion**

Plaintiff did not satisfy his heavy burden to show that the entirety of the docket in the above-captioned case should be sealed. His motion to seal (ECF No. 62) will, therefore, be denied without prejudice. To the extent plaintiff can make a specific showing that overcomes the public right of access with respect to specific documents on the court's docket, he may file a renewed motion to seal in which he sets forth specific and detailed arguments about why each document he wants sealed should be removed from public view.

An appropriate order will be entered.

BY THE COURT,

Dated: November 25, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge